the guardian; and such as are detrimental should not be allowed, although the particular property may be improved.

As to maintenance and education, the income of the ward must not be exceeded. This is the general rule. See 3 P.Wms. 365, 3 Atk. 430, 2 Bro.C.C. 231, 3 Ves.Jr. 10. But there may be exceptions. *Vide* Prec.Ch. 559, where an extraordinary allowance was made on account of a fit of sickness. Although such be the general rule, if there be no necessity that the income be expended, or its expenditure be not beneficial to the ward, it ought not to be allowed. As suppose a young man with a small income, hearty and capable, who ought to learn some mechanical trade or should be employed in agriculture; there his services will so much exceed his maintenance and education that no allowance should be made therefor. Even where the ward is designed for a learned profession, a guardian cannot exceed his income.

## ARCHIBALD PHILLIPS and JANE, his Wife, v. SAMUEL BARR.

Orphans' Court. August 26, 1817.

*Ridgely's Notebook I, 153.*

## ANN CLARKE and ELIZABETH CLARK, Administrators d. b. n. of JOHN CLARK, v. MARY KEAN, MATTHEW KEAN and JOHN STOCKTON, Administrators of Thomas Kean.

Court of Chancery. August 26, 1817.

*Ridgely's Notebook I, 154.*

